UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-10484-RWZ


PEYTON YATES FREIMAN
and CHARLES EDWARD LINCOLN, III

v.

PINO D'ORAZIO, *et al.*


ORDER
August 3, 2009

ZOBEL, D.J.

      This litigation grew out of an eviction for nonpayment of rent. Plaintiffs' first complaint, C.A. 09-10265, filed on February 20, 2009, was dismissed on August 19, 2009, for failure to pay the filing fee. Plaintiffs filed a second complaint on March 22, 2010, C.A. 10-10484. It is substantially the same as the first except for the addition of two defendants, Adam G. Cohen and his law firm Davids & Cohen, P.C.; the substitution of one defendant, Ara H. Margosian, II, by the executor of his estate, namely Ara H. Margosian, P.C. II; and the addition of RICO claims against all. It is presently before me on the motion of defendants Cohen and the law firm for summary judgment (Docket # 11), and plaintiffs' motions to extend the time for making service (Docket # 16), and for filing their opposition to the summary judgment motion (Docket # 14).

1. <u>Service of Process</u>

Summons issued as to all defendants on the day the complaint was filed but only that for Adam G. Cohen was returned executed, on March 24, 2010.  At the time of the Rule 16 (b) conference on May 19, none of the remaining defendants had been served.  The court therefore ordered that service be effected by June 2, which plaintiffs, on June 7, sought to extend to the "original 120 day deadline outlined in [Fed. R. Civ. P] Rule 4(m)" (Docket # 7, at 2).  Over defendant Cohen's opposition, the court granted an extension to June 21.  Apparently none of the other defendants were served, certainly no returns of service were filed, and nothing was heard from plaintiffs concerning service until July 22 when they moved for a further extension to August 20 citing both Rule 4 (m) and claiming good cause for their failure.

The 120-day deadline which plaintiffs have repeatedly invoked expired on July 20, two days before their most recent motion to extend the time.  While plaintiffs claim good cause for their failure, their stories of woe are wholly unsubstantiated by affidavit or other evidence.  It is also difficult to discern how they managed to serve one defendant within two days after commencement of the action, but require five months to effect service on the others, most of whom they had served without difficulty in the 2009 case.

Plaintiffs state in their motion for additional time to respond to the motion for summary judgment that "[t]here is really no point of equity whatsoever, nor any meaningful fairness, or 'judicial efficiency' achieved by cutting Plaintiffs off from serving the remaining Defendants in the present case.  The Plaintiffs will simply be required to

file a separate lawsuit against other defendants and the cases would then have to be consolidated back together." (Docket # 14, at 2.)  While their threat to continue and multiply these proceedings is clearly to be taken seriously, it cannot save this case. Plaintiffs have repeatedly, and in both suits, failed to follow the court's orders and may well have failed to comply with Rule 11.

The motion for yet more time to make service is denied.

2. Summary Judgment

At the scheduling conference on May 19, 2010, the court ordered that any dispositive motions be filed by July 2 and oppositions by July 23, 2010, as provided by Rule 56(c)(1)(B).  Defendant Cohen and his law firm did, in accordance with that schedule, submit a motion for summary judgment on July 1.  Plaintiffs moved on July 21 to extend the time for opposition to September 7.  The motion to enlarge the time is allowed, but September 7, some two months after the filing of the motion, is unreasonable.  Plaintiffs shall submit any opposition and supporting affidavits on or before August 13, 2010.

3. Conclusion

Plaintiffs' motion to extend the time for responding to the pending summary judgment motion (Docket # 14) is allowed.  The opposition shall be filed on or before August 13, 2010.

Plaintiffs' motion to extend the time for making service on the remaining defendants (Docket # 16) is denied.

Plaintiffs recently filed motions to set aside Scheduling Conference Deadlines

(Docket # 18) and "to deem Rule 4 service constructively effected" on certain defendants (Docket # 20).  Both are denied, the first because it is moot, the second because Rule 4 includes no provision for "constructive service."

|  |  |
|---|---|
|    August 3, 2010    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |